UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Jeannette M. Martin aka Jeannette M. Gutierrez, | ) ) ) | 2:12-cv-01687-GEB-EFB |
| Plaintiff, | ) ) | DISMISSAL ORDER |
| v. | ) ) | |
| Wells Fargo Bank, N.A., and Does 1-100, | ) ) ) | |
| Defendants. | ) ) | |

On September 24, 2012, the parties filed a "JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE, WITH COURT TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT; PROPOSED ORDER" ("Stipulation"). The parties state in the Stipulation:

> [The parties] having resolved and settled their dispute in the above captioned matter pursuant to Rule 41(a) of the Federal Rule of Civil Procedure, hereby stipulate and request the Court enter an order as follows:
>
> 1. Plaintiff's Complaint in the above-captioned action shall be dismissed with prejudice;
>
> 2. Following dismissal of this action, the Court shall retain jurisdiction to enforce the terms of the confidential Settlement Agreement.

(ECF No. 9.)

However, the parties have not shown justification for the federal court to exercise jurisdiction over a confidential settlement agreement that the Court has not seen and "have [not] alleged . . . facts that would justify [exercising ancillary] federal jurisdiction over [any potential] settlement dispute." O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995). "[T]he mere fact that the parties agree that the court [shall] exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (citing Cal. v. La Rue, 409 U.S. 109, 112 n.3 (1972)); Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993)("A federal court may refuse to exercise continuing jurisdiction [over a settlement agreement] even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent.")(citations omitted); O'Connor, 70 F.3d at 532 ("In Kokkonen[], the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit.")(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). Therefore, the parties' conclusory request that the federal court exercise ancillary jurisdiction over their settlement is denied.

Further, in light of the parties' settlement of this action, and since they evince their intent to have this action dismissed with prejudice, this action is dismissed with prejudice. See Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice" when the court "f[ound] that the parties' . . . representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule

41(a)(1)(ii)"); see also Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir. 1980)(stating "[n]or are we deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by [the parties]," if it is obvious that is what the parties intended).

Dated:  October 1, 2012

                                              GARLAND E. BURRELL, JR.
                                              Senior United States District Judge